GUILLERMO GARAU, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 697.—*Sometido:* Diciembre 22, 1927. *Resuelto:* Febrero 6, 1928.

1. PRINCIPAL Y AGENTE—DE LA RELACIÓN—TERMINACIÓN—EN GENERAL.—Un poder otorgado por la esposa a favor del esposo deja de tener efecto, en cuanto a los bienes gananciales se refiere, al quedar disuelto el matrimonio a virtud de sentencia de divorcio decretado entre ellos.

2. PRINCIPAL Y AGENTE—DE LA RELACIÓN—TERMINACIÓN—REVOCACIÓN PERSONAL

POR EL PRINCIPAL.—Cuando una esposa otorga poder a favor de su esposo y el matrimonio se disuelve a virtud de sentencia de divorcio, no es preciso la revocación personal del poder, en lo que se refiere a los bienes gananciales, para que el mismo pueda considerarse extinguido.

NOTA de *R. Pérez Mercado*, R. (Guayama), denegando inscripción de una escritura de hipoteca. *Confirmada*.

*Fernando Beiró Rovira*, abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Estando casada doña Octavia Díaz con don Juan Latallade Dilan confirió poder ante notario, a su esposo, para vender, enajenar, hipotecar, permutar, y arrendar, todos los bienes particulares de ella, y los que le correspondieran con motivo de su sociedad conyugal, que tuviesen el carácter de gananciales.

Después de disuelto ese matrimonio por sentencia de divorcio, y sin estar liquidada la sociedad de gananciales de los consortes, don Juan Latallade Dilan otorgó una escritura pública, por sí, y usando el poder mencionado, en la que comparecieron varios comerciantes, a quienes reconoció el Sr. Latallade deber diversas cantidades por mercaderías y efectos que aquéllos le entregaron cuando estaba casado con doña Octavia Díaz; y por el total de ellas otorgó hipoteca sobre varios bienes inmuebles adquiridos a título oneroso por el matrimonio, a favor de don Guillermo Garau, quien fué comisionado por los otros acreedores para cobrar la hipoteca y repartir su importe entre todos ellos.

Presentada esa escritura en el registro de la propiedad fué inscrita en cuanto a la mitad que en dichos bienes corresponde al Sr. Latallade y fué negada en cuanto a la otra mitad correspondiente a doña Octavia Díaz, por el fundamento de que el poder que otorgó dicha señora a favor de su marido, carece de eficacia legal después de disuelta por el divorcio la sociedad de gananciales entre la mandante y el mandatario.

Contra esta nota se ha interpuesto por don Guillermo Garau el presente recurso.

El poder otorgado por doña Octavia Díaz a favor de don Juan Latallade en 24 de marzo de 1916, por escritura ante el notario don Luis Capó Matres, se ha unido en copia a los documentos en este recurso. De tal escritura resulta que la doña Octavia Díaz confiere poder a su legítimo esposo don Juan Latallade y Dilan para los actos de enajenación, gravamen y administración que se refieran a sus bienes propios y a los que le correspondan como gananciales. En la realidad, es uno de tantos poderes como frecuente y constantemente se otorgan entre esposa y esposo, para facilitar las negociaciones que pueden afectar a bienes del matrimonio, y en las que se hace necesaria la concurrencia de los dos cónyuges, cuando se trata de inmuebles. Podemos, sin temor a equivocarnos, afirmar que la causa determinante de tal apoderamiento es la condición de esposo del apoderado.

Se trata, en este caso, de bienes que, por lo que resulta de la documentación sometida, fueron adquiridos durante el matrimonio de don Juan Latallade de Dilan y doña Octavia Díaz, y que están en la presunción de bienes gananciales.

Ocurrido el divorcio, es evidente que de acuerdo con el artículo 173 de nuestro Código Civil, ha quedado roto el vínculo matrimonial y establecida la separación de propiedad y bienes de todas clases entre los cónyuges. Y como la calidad de bienes gananciales nace precisamente del estado de matrimonio, siendo este aspecto económico de la sociedad conyugal una de las formas admitidas por la ley, es también claro que esta sociedad que empezó al celebrarse el matrimonio ha quedado disuelta por imperio del artículo 173 antes citado.

No persiste la sociedad de gananciales una vez decretado el divorcio; sí hay un estado intermedio, entre la disolución del matrimonio y la liquidación de los gananciales,

estado cuya base se encuentra en la declaración del Código Civil de que, decretado el divorcio, ha quedado roto el vínculo matrimonial y con él, la consecuencia económica de tal vínculo, o sea, el aspecto de aquella sociedad en cuanto se refiere a los bienes.

El poder recibido por el Sr. Latallade dejó de tener eficacia en cuanto a los bienes gananciales se refiere, porque cesó desde el divorcio la sociedad de gananciales origen de esos bienes. No tenía, pues, en este aspecto, objeto sobre que recaer tal poder, ya que se había extinguido tal sociedad.

La declaración hecha por el Sr. Latallade en la escritura de 19 de septiembre de 1927 ante el notario don Fernando Beiró Rovira con respecto a las deudas para cuya garantía se estableció allí la hipoteca, en cuanto se refiere a bienes gananciales no puede tener eficacia sin la concurrencia de la que fué su esposa. Sería sumamente fácil realizar operaciones de esta clase en perjuicio de los derechos de un cónyuge, que no autoriza con su asentimiento y consentimiento la existencia de tales deudas.

Estimamos que ni el reconocimiento de deudas por sí solo, ni el uso del poder por el Sr. Latallade, en la fecha en que lo hizo, pueden tener eficacia ninguna en cuanto se refiere a la participación que en los bienes hipotecados, o intentados hipotecar, pueda tener doña Octavia Díaz, esposa que fué del Sr. Latallade. Este, al actuar en virtud de tal poder, excedía sus atribuciones contratando acerca de bienes de una sociedad que ya no existía y que no había sido liquidada.

No es preciso en este caso, ni en sus análogos, la revocación personal del poder, ya que la ley ha establecido la ruptura de la sociedad y la separación de propiedad y bienes, y por consiguiente, ha hecho cesar la administración de gananciales ya en cuanto la misma ley la crea, ya en cuanto pudiera nacer del poder, al que faltaría desde el

momento del divorcio un objeto o un fin, al menos en lo que
se refiere a los gananciales.

*Se confirma la nota del Registrador de la Propiedad de
Guayama en este caso.*