HENRY G. MOLINA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE HUMACAO, recurrido.

Núm. 1109.—*Sometido:* Noviembre 2, 1942. *Resuelto:* Diciembre 14, 1942.

*Henry G. Molina, pro se;* el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Mediante una escritura fechada el 23 de julio de 1930, Francisca Rodríguez y su esposo, Poncio Busó Pérez, compraron una finca a Henry G. Molina y su esposa, comprometiéndose a cumplir con ciertas condiciones relacionadas con

la misma. En igual fecha Francisca Rodríguez otorgó un poder especial a favor de su esposo en relación con esta finca, que dice en parte como sigue:

" . . . desea conceder un poder tan amplio como en ley procede a favor de su esposa (sic) Don Poncio Busó Pérez . . para que represente a la otorgante con relación a dicha finca o sea de la mitad que corresponde a la compareciente en carácter de gananciales . . ."

El 5 de marzo de 1937 una corte de distrito dictó sentencia de divorcio a favor de Francisca Rodríguez y en contra de su esposo. Nada hay en el récord ante nos que demuestre que se hiciera en alguna ocasión una liquidación de los bienes pertenecientes a la sociedad de gananciales. El 25 de marzo de 1942 Busó otorgó una escritura, por sí y como apoderado de su ex esposa, por la cual "retrovendió" por $500 la referida finca a Henry G. Molina y su esposa, toda vez que no podía cumplir con las mencionadas condiciones del contrato de venta. Una cláusula de esta escritura dice como sigue:

*"Tercera:* Los comparecientes hacen constar que a virtud de esta compraventa quedan cancelados todos cuantos derechos o causas de acciones pudieran tener unos contra otros a virtud de los términos y estipulaciones en dicha escritura número diecisiete (17) ante don Carlos del Toro Fernández de julio veintitrés de mil novecientos treinta (julio 23, 1930)."

El registrador se ha negado a inscribir la escritura del 25 de marzo de 1942 por los fundamentos de que (1) el poder otorgado por la esposa a favor del esposo en relación con esta finca específica carecía de fuerza legal después de haber disuelto el divorcio la sociedad de gananciales que había existido entre ellos, y (2) que los términos del documento son confusos y ambiguos y no aparecen claras en el documento la intención de las partes ni la naturaleza del contrato.

Examinaremos primeramente el segundo fundamento del registrador. El registrador sostiene que el documento es ambiguo y confuso porque, a pesar de disponer que "no ha sido posible para el comprador cumplir con los términos de

dicha escritura de compraventa'', no se puede concluir de ello que el objeto del contrato era ''saldar la . . . deuda mediante la dación en pago del inmueble en cuestión''; que no puede dársele a la escritura la calificación de retroventa porque en la primera escritura de venta de Molina a Busó no se estableció pacto alguno de retroventa; y que la cláusula tercera de la escritura es vaga y oscura porque en ella no se determina si lo que se pretende ''es cancelar la hipoteca constituída'' en la primera escritura ''o si es el propósito rescindir el contrato de compraventa''.

No podemos convenir con la contención del registrador. En esta escritura las partes otorgaron un contrato de compraventa por el cual se le traspasó a Molina el título sobre cierta propiedad debidamente descrita a cambio de $500 y un acuerdo de que a virtud de esta compraventa quedan cancelados *todos* cuantos derechos o causas de acciones pudieran tener unos contra otros como resultado de la compraventa original de Molina a Busó y su esposa. En este documento nada encontramos que sea ambiguo, confuso o vago. Nada hay en la escritura sobre el cual las partes, bajo su libertad de contratación (Artículo 1207, Código Civil, ed. 1930), no tuvieran derecho a convenir.

El hecho de que las partes hayan titulado este documento como uno de ''retroventa'' no tiene importancia. La naturaleza de un contrato no se determina por el título que las partes le den, sino por las disposiciones del mismo y por la ley que le sea aplicable. (Véase sentencia del Tribunal Supremo de España de junio 30, 1881.) Los casos citados por el registrador para sostener el segundo fundamento de su nota no son aplicables al presente, y resolvemos que no existe tal fundamento.

En cuanto al primer fundamento del registrador, sostiene el recurrente que un poder otorgado por la esposa a favor del marido no se revoca *ipso facto* al decretarse un divorcio que disuelva el matrimonio, sino que se requiere su

revocación expresa por parte de la esposa. Una contestación negativa a la contención del recurrente fué dada por esta Corte en un caso en el que estaban envueltos casi los mismos hechos. *Garáu* v. *Registrador*, 37 D.P.R. 698.

El recurrente arguye que aun bajo la regla del caso de *Garáu*, la revocación de tal poder debido al divorcio no surte efecto hasta que la sentencia de divorcio sea final y firme. No tenemos necesidad de considerar aquí dicha cuestión, toda vez que el esposo en este caso no intentó actuar a base del poder hasta cinco años después de concederse el divorcio por la corte de distrito. El recurrente no ha presentado prueba de que se entablara apelación alguna de dicha sentencia. Al contrario, la escritura del recurrente dice que Busó compareció como apoderado de Francisca Rodríguez, "quien es . . . divorciada".

*La nota del registrador será confirmada en cuanto deniega la inscripción de la venta de la participación de una mitad correspondiente a Francisca Rodríguez, y será revocada en cuanto deniega la inscripción de la participación de una mitad correspondiente a Poncio Busó Pérez.*